The Honorable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may draw near, give their attendance and they shall be heard. God save the United States of America and this Honorable Court. You may be seated. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 22-1001, United States v. J.D.L. Joaquin Torres-Rijos. At this time, would the attorney for the appellant please introduce herself on the record to begin. Good morning, Your Honors. My name is Lydia Mizarribar, counsel for Mr. Torres-Rijos. I will argue the case today. In this case, Mr. Torres is challenging the substantive reasonableness of the sentence imposed to him by the court here. The sentence imposed was within a GSR that was correct. Nobody challenged the GSR to be applied in this case and it gave a guideline range of 292 months to 365 months. The parties have agreed to recommend a sentence of 300 months. Now, in opinions of this court of this year, U.S. v. Samson and U.S. v. Coron Corbello, we have clear factors that have to be shown by someone that is challenging the substantive reasonableness of the sentence that was imposed. And it is stated in those opinions that the defendant must abuse fairly powerful mitigating reasons and persuade the appellate court that the district judge was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be reasonable. That is no less true when the sentence imposed is at the upper end of the applicable guideline, which is this case. Review of a sentence will withstand a challenge to its substantive reasonableness as long as it rests on a plausible sentence impression and reflects a defensible restore. A court statement was done. I'm sorry. Yes. I'm sorry. Even though I don't think the First Circuit has adopted the presumption of reasonable distance sentences within the guidelines, you said that that's pretty persuasive if the sentence is in fact a guideline range sentence. Correct. Now, show your arm. And so, you do have a heavy lift here. That explain to us why something like that is so substantively deviant. Very well. In this case, it is our it is our position that the judge use use a boilerplate language when sentence was was imposed on. At page 21 of the sentencing hearing transcript, the judge did state the following. Mr. Gomez is 23 years old. He has a great education. He was unemployed prior to the offense and has a history of using marijuana and cocaine. He comes from a dysfunctional family and issues in his youth were not properly addressed on time. That was all. But is that a substantive reasonableness point? That sounds like a go to explain point. Well, your honor, we do submit to the court that those facts stated by the by the court there could be anyone before any any case in this court. Everyone comes from a family that is that is dysfunctional and that doesn't help you on the substantive point. In other words, you have to show that even though it's the guideline sentence. Yes. Given how horrific the conduct was. Yes, your honor. I think we need we need extraordinary mitigating circumstances to explain why it needs to be lower. There are. OK, so I think you have to say that the fact that you use boilerplate language isn't a substantive point. That would be a procedural point. Well, I just say that, your honor, to point out that the court at no time included language that had to do with the factors with the factors of the factors that were mitigation. It isn't. What are the special mitigation factors that you argue? I'm sorry. What are the special mitigation factors that you argue the court should have considered in that? Would that make this? Well, yeah, OK. The factors that I put before the court and which are in the PSI I filed in the in the court are as follows. Mr. Torres was born a baby. His mother was an addict. His mother, adult times, abused him, neglected him. He was taken by social services in this island and he was placed in foster homes, over 30 foster homes, where he was abused physically and sexually. Mr. Torres tried to quote it. I'm sorry, Judge. When you think about those those white unfortunate pieces, how do you think about it as an appellate advocate? And you're arguing against what the judge did. How do you use those factors to say those should be viewed as mitigation and they don't require the sentence the judge imposed, but they require the X sentence? Like what is the X sentence that is so compelling, which is what you're asking us to decide? What is the X sentence that you think those factors deserve as far as reasonable just punishment is factor greater than necessary? Those those are factors and there are more. Had Mr. Torres lead a a trouble like trauma? What sentence amount lower than the one given would be the sentence that would be deduced from those factors, weighing it against the extremely concerning context? That was a case in which I know you're not denying putting those two into the mix. You say a guideline sentence is wrong. What's the sentence that you're saying would be the maximum that would be proportionate? It's not should be it not should be maximum, George. What we are saying is that we had agreed to recommend, which the court doesn't have to follow, 300 months of a sentence. That is 45 years. The court added five more years without saying why. He just I say you're back to inadequate explanation as opposed to what substantive sentence would have been more appropriate. Are you saying 300 is 300 sentences? You're not saying why three as opposed to a 360 that the judge imposed. Our point would be judged that whatever sentence he was going to put on should have been explained and it was not explained at all on this record. Did you object below to the explanation? I'm sorry. Did you object below to the failure to explain? No, George. So we're a plain error as to that. Well, let me then backtrack. As we had filed prior to prior to sentencing a memo clearly alleging the factors and saying that memo that that would have been a just sentence. 300 months have been enough. But there was no objection to the explanation for being inadequate below. No, because what happened, Your Honor, is that in this in this case, we have a PSI that was never objected at all from no one. That PSI does have all those factors that I have just told the court and more. That's why so one possible understanding is that the judge in saying the dysfunctional dysfunctional childhood was impliedly. Acknowledging all those various factors and nonetheless weighing the conclusion that given how horrible the conduct was, notwithstanding how tragic the upbringing was, that 30, 25 years was too low. 30 was a just sentence. So this goes back to Judge Thompson's question to you. Substantively, how are we in a position? Well, there's some case that suggests, yes, for this type of circumstance, 25 is the limit or 28 is the limit, but 30 is too much. I mean, how would we do that? I don't put a number on it, but you put a number being not 30. Yes. So what? So it's got to be less than 30. OK, we never asked for anything less than 30 years. We never asked for any role. We never asked for minus anything. I'm sorry. Yes. OK, the what I I'm trying to argue, George, is that even if the court wanted to sentence him to more than 30 years, they had to give a better explanation. OK, thank you. What was the substance or what were the factors he was using to sustain a higher sentence? Thank you. For Mr. Torres. Thank you. Thank you, counsel. At this time, counsel for the government can come on up and introduce themselves on the record to begin. Thank you. Good morning, and may it please the court. Brendan Gants for the United States. The district court's choice of a within guidelines 360 month sentence in this case was well within the expansive universe of substantively reasonable sentences the court could have imposed. Mr. Torres faces what this court has called a steep uphill climb in attempting to overturn a within guidelines sentence, and he cannot do so on this record. In imposing the sentence, the district court made clear it had considered Mr. Torres' mitigation case and acknowledged his difficult childhood, but emphasized the nature and circumstances of the offense. That sentencing rationale was plausible, and the result is defensible. As the district court's description and the PSR the court adopted made clear, the offense conducted in this case was egregious. Mr. Torres and his co-conspirators planned and carried out a nighttime home invasion in which the victim was subjected to excruciating torture and physical harm. They planned for violence, bringing with them a rifle and a baseball bat, and used those to beat the victim before murdering him. Mr. Torres participated in this crime for financial gain and took his share of the spoils. Mr. Torres chiefly argues that the district court should have weighed the 3553A sentencing factors differently, giving less emphasis to the nature of the crime and more to the mitigating factors he emphasized regarding his difficult childhood. I'm happy to add, see this is not something that directly relates to this case, but it's just something that puzzles me, which is, we see this happen a lot. The government recommends a sentence, presumably because the government thinks that would be the just sentence as the prosecutor, and here you recommend a 25 years. Then the judge gives a higher sentence, which the judge is entitled to do. Then the government vigorously defends the higher sentence that it didn't recommend. I just find it puzzling. Obviously when you actually were engaged with the case as the prosecutor, once upon a time you thought 25 years was a perfectly just sentence. So I can see why you don't object to 30 years, but you must actually have reasons why you thought 25 was better than 30. And yet, the way the case comes to us on appeal, suddenly the government's a partisan with a 30 year sentence. It just always strikes me as a strange circumstance. I understand your honor. I think the, as this court has said, the range of substantively reasonable sentences that can be imposed in any particular case is quiet in the government. In this case, during the negotiation process, it agreed to recommend a sentence of 300 years. It's very clear from the record that the district court proceedings, the government stood by that recommendation. But at the same time, the district court having chosen a different sentence that was within the range of substantively reasonable sentences that could be imposed. I think that Chief Judge Burns is asking something else that's on all of our minds. Which is, you know, we understand the district court's discretion. But when, in the process of plea bargaining, you come up with a number that you feel is a defensible number and you stand by it before the district court judge appropriately, we understand that he and you have an obligation to defend the district court's sentence. I mean, that's your obligation. I suppose I'll say that. But do you also have an obligation to let us know why you thought the original recommendation was appropriate? As Your Honor mentioned, the government does have an obligation and does defend the district court's decision to impose a substantively reasonable sentence. In this case, I'm not aware of an obligation to explain why, during the plea negotiation process, a different sentence would be recommended. And obviously, in any plea negotiation process— But this is what's troubling. I don't understand how the government is disadvantaged by coming up with something that you think reasonable, the defendant feels reasonable, everybody relies on it. But in the back of your mind, you know that the district court's not going to accept it anyway. You're going to get a higher sentence. You know, it's like you're supposedly bargaining with good faith, but with this little knowledge in the back of your mind that it doesn't matter. I don't think there's anything in the record that suggests—and I'm not aware of anything that would suggest that the government had any knowledge that the district court would impose a different sentence than was recommended. Well, you've got how many cases today? Oh, excuse me, this week, where that's happened? I understand it does happen in a number of cases, but— Well, that happens frequently in a few cases here in this district. I understand, Your Honor, but there's nothing in the record to suggest, certainly in this case, that the government did not negotiate in good faith. The government agreed to recommend the 300-month sentence, and repeatedly, during the sentencing hearing, stood by that recommendation. And there was nothing to suggest that the government had any knowledge that a different sentence would be imposed. However, a sentence having been imposed that was substantively reasonable, the government does defend it on appeal. I want to address the Colon Cordero case— Just out of curiosity, what made 25 years seem like a good idea to the government? Do you have anything to say about that, or not? I'm not familiar with all of the considerations that were considered during the plea bargaining process, Your Honor. You're not getting notes? I'm sorry? Are there still no notes that explain the plea bargaining process that would give us an explanation as to why 25 was deemed adequate, or something? There are always a lot of factors that go into anything. The plea bargaining negotiation process— I said, are there notes in this particular case? Not that I have reviewed. I was not the trial prosecutor on the case, and I'm not familiar with all of the circumstances that led the prosecutor who prosecuted this case to agree to recommend a 300-month sentence. But that was the sentence that the government agreed to recommend, and as I mentioned, stood by multiple times in the sentencing hearing. In a case like this, what we had was a rote recitation of the defendant's history, and then the court saying this—agreeing upon this position is insufficient. And we have said in other cases that this kind of rote explanation or rote recitation does not amount to an explanation of why these kinds of facts in the defendant's life are meaningful one way or another. I don't think the court's explanation of its sentence here was rote. The court did acknowledge on the record the mitigating circumstances that the defendant argued. He also acknowledged that he had reviewed not only the PSR, but also the defendant's sentencing memorandum, which discussed those mitigating factors at length, and he heard argument at the sentencing hearing from the defendant's counsel about those mitigating factors. But the court, in imposing a sentence, emphasized the violent nature of the crime. In fact, Mr. Torres, in his opening brief, says, quote, the court gave emphasis and weight to the violent factor of the crime. Now, I know there are cases—I don't believe they're cited in the briefs—but I know there are cases where this court has said, for example, in Munoz-Fontanez or Flores-Nader, that the court's mere listing of facts, quote, without emphasis on any particular circumstance, made it impossible to tell whether it was an automatic weapon or something else that motivated his decision. But here, we don't have a mere listing of facts. We clearly have emphasis given. But don't the—doesn't the guideline range in and of itself take into account the violent nature of the crime? And so the judge's choice within that range is to decide where this particular sentence should land. The guidelines— It's not like somebody says to counsel, it's just saying, you don't know why the judge didn't think ours was good enough. The guidelines calculation took into account the fact that the victim died, but it didn't take into account the particularly brutal nature of the offense here. And, of course, we have a within-guideline sentence, so the fact that the guidelines calculation took into account part of the violence inherent in the crime doesn't explain why—it doesn't create a need for the district court to have said more to justify an above-guideline sentence. I want to make sure that I address the Cuaron-Cordero case that Mr. Torres filed a 28-J letter about. This case is nothing like Cuaron-Cordero for four reasons. The defendant in Cuaron-Cordero specifically preserved his procedural reasonableness arguments when his counsel raised an objection encompassing his claim that the district court, quote, ignored the mitigating history and characteristics and didn't adequately explain its above-guideline sentence, thus this court's phrasing of his counsel's. But the court noted, quote, this is not a situation where we are faced only with a record that reflects a general objection to a sentence. Here, of course, we don't even have a general objection to a sentence. The second distinction, as those quotes I just mentioned raise, is that the defendant in Cuaron-Cordero received an above-guideline sentence, not a within-guideline sentence. Third, in Cuaron-Cordero, this court noted that the district court's discussion included, quote, a conspicuous absence of any mention, unquote, of the sole mitigating factor urged by the defendant. There, his intellectual disability was an extremely important fact that demanded consideration as part of an individualized assessment. But this court acknowledged that a sentencing court is not required to address every argument a defendant advances in support of his appropriate sentence and distinguished that case from a garden-variety case where a defendant intends that his sentencing arguments were, quote, given short shrift or misunderstood. This is exactly such a garden-variety case. And fourth, in Cuaron-Cordero, it wasn't just the fact that the district court had entirely neglected the sole mitigating factor urged by the defendant, but was that in combination with the fact that there was nothing for a reviewing court to glean an adequate explanation for the sentence by fair inference from the sentencing record. This court recognized that if the sentencing record allows for a fair inference, that's sufficient, but said that here, where the district court had simply mentioned ghost guns but hadn't provided any particular reason why that was relevant to the sentence, that the court didn't have enough to connect, as it said, the necessary inferential dots to reveal a strong justification. Just before you close, do you understand the appellant here to be making a procedural reasonableness challenge on appeal or just a substantive one? The appellant here has raised only a substantive reasonableness challenge on appeal and did not object on substantive or procedural reasonableness grounds at the sentencing hearing. Thank you. Thank you, Your Honor. Thank you, counsel. That concludes argument in this case.